# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**  
**STEVEN C. MANNION**  
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.  
& U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07102  
(973) 645-3827

July 22, 2019

## LETTER OPINION-ORDER

Re: D.E. 9 Motion to Appoint Pro Bono Counsel  
Cango v. Bergen County Jail Administrator, et al.  
Civil Action No. 18-cv-10151 (KM)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Eugeny Cango's ("Mr. Cango") Motion to Appoint Pro Bono Counsel.[1] The Court has reviewed Mr. Cango's Motion and for the reasons set forth herein it is **DENIED**.

### I. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[2] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes motions to appoint *pro bono* counsel.[3] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[4]

---

[1] (ECF Docket Entry No. ("D.E.") 9).

[2] 28 U.S.C. § 636(b)(1)(A).

[3] L. Civ. R. 72.1(a)(1). See e.g., *Tormasi v. Hayman*, No. CV 08-4950, 2010 WL 11531088, at *2 (D.N.J. Sept. 14, 2010) (decision of magistrate judge on motion to appoint *pro bono* counsel affirmed).

[4] § 636(b)(1)(A).

## II. DISCUSSION AND ANALYSIS

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants,[5] but civil litigants possess neither a constitutional nor a statutory right to appointed counsel.[6] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[7]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[8]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[9]

The Third Circuit has articulated an analytical framework that district courts must use in exercising their discretion.[10] The analysis begins with a threshold assessment of the merits of the case.[11]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[12] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether

---

[5] 28 U.S.C. § 1915 (d), (e)(1).

[6] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[7] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[8] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[9] *Id.* at 155.

[10] *See Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

[11] *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155; *Parham*, 126 F.3d at 457).

[12] *Id.* at 499.

expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[13]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this Application" that Mr. Cango's case has "some arguable merit in fact and law."[14] The Court, however, need not undertake a detailed analysis of this point because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

1. <u>Mr. Cango's Ability to Present His Case</u>

The first factor has been identified as "perhaps the most significant."[15] For this factor the Court considers Mr. Cango's "education, literacy, prior work experience, and prior litigation experience...."[16] As additional guidance, the Third Circuit has noted that courts should consider Mr. Cango's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[17]

Although Mr. Cango claims to have learning disabilities, he has completed one semester of college, during which he maintained a 4.0 grade point average. Furthermore, his filings with the Court reflect his literacy and a general understanding of the litigation process.[18] For example, without the aid of counsel, Mr. Cango has submitted a detailed complaint and has demonstrated an understanding of the claims he alleges against Defendants.[19]

Mr. Cango's lack of formal legal training is not sufficient grounds to warrant the appointment of counsel.[20] At present, it does not appear that Mr. Cango's ability to pursue his claims and present his case has been significantly impeded by his professed limitations. For the foregoing reasons, the first *Tabron* factor weighs against appointment.

---

[13] *Tabron*, 6 F.3d at 156; *see also Parham*, 126 F.3d at 461.

[14] *Montgomery*, 294 F.3d at 499.

[15] *Id.* at 501.

[16] *Id.* (citations omitted) (citing *Tabron*, 6 F.3d at 156).

[17] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[18] (D.E. 1); (D.E. 2); (D.E. 4); (D.E. 6); (D.E. 9).

[19] (D.E. 1).

[20] *See*, *e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010) (noting that a formal lack of legal training alone is not sufficient grounds for the appointment of counsel as "it is a limitation held in common by most pro se parties") (citation omitted).

2. The Legal Complexity of the Case

The second *Tabron* factor concerns the complexity of the particular legal issues. To assess the complexity of legal issues for purposes of appointing counsel, "courts must still look to the proof going towards the ultimate issue and the discovery issues involved."[21] The Third Circuit has stated that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."[22]

The Court finds that Mr. Cango's factual claims are easy to understand, and the legal issues involved are relatively straightforward. As a result, the second *Tabron* factor also weighs against appointment.

3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and Mr. Cango's ability to pursue an investigation. Mr. Cango has been intimately involved with the events surrounding and leading up to the filing of his complaint. There is no indication that Mr. Cango would be incapable of undertaking the necessary factual investigation. Therefore, the third *Tabron* factor weighs against appointment.

4. The Extent to Which the Case is Likely to Turn on Credibility Determinations

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. Because "it is difficult to imagine a case that does not" rely, in some measure, on witness credibility, courts look to whether the case at hand will become "solely a swearing contest."[23] Based on the initial pleadings, this matter does not appear to hinge on credibility determinations. Further, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5. Whether the Case will Require Testimony from Expert Witnesses

The fifth *Tabron* factor is whether the case will require testimony from expert witnesses. This matter involves claims arising under 42 U.S.C. § 1983 and N.J.A.C. 10:6-2. Based on the

---

[21] *Parham*, 126 F.3d at 459.

[22] *Tabron*, 6 F.3d at 156.

[23] *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997).

factual allegations plead in Mr. Cango's complaint, it does not appear likely that this case will require expert witness testimony. Moreover, Mr. Cango does not indicate that he will require expert testimony in the instant motion. Thus, the fifth *Tabron* factor currently weighs against appointment.

### 6. Mr. Cango's Capacity to Retain Counsel on His Own Behalf

Finally, the sixth *Tabron* factor is Mr. Cango's capacity to retain counsel on his own behalf. The Court acknowledges that Mr. Cango is an indigent prisoner and his representations that he has made efforts to retain an attorney.[24] Therefore, this factor weighs in favor of appointment. However, this factor alone is not enough to justify an order of appointment absent satisfaction of other *Tabron* post-threshold factors.

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Cango's Motion for Pro Bono Counsel throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[25]

As the *Tabron* factors weigh against appointment at this time, Mr. Cango's motion is **denied without prejudice**. Mr. Cango may petition the Court for appointment of *pro bono* counsel again if his case survives dispositive motion practice, advances to trial, or if other circumstances warrant such a need in the future.

The Clerk of Court shall mail a copy of this Order to Mr. Cango.

**IT IS SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/22/2019 6:50:44 PM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties

---

[24] (D.E. 9).

[25] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

Eugeny Cango
1152758/SBI#614
Mid-State Correctional Facility
P.O. Box 866 Range Road
Wrightstown, NJ 08562